**LIBERTY MUTUAL INSURANCE CO.,**
et al., Plaintiffs,

v.

**P. J. DONOVAN, et al., Defendants.**
Civ. No. 1508.

United States District Court,
District of Columbia.
Oct. 7, 1954.

Paul R. Connolly, Washington, D. C., for plaintiffs.

Ward E. Boote, Asst. Sol., Department of Labor, Catherine B. Kelly, Asst. U. S. Atty. for the District of Columbia, Washington, D. C., for defendant Donovan.

Ralph R. Sachs, Washington, D. C., for defendants Anna G. Bell and others.

HOLTZOFF, District Judge.

This is an action by the insurance carrier and the employer to review an award on a death claim made under the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., which is made applicable as the Workmen's Compensation law of the District of Columbia, D.C.Code, Title 36, § 501. The defendants are the Deputy Commissioner of the Bureau of Employees' Compensation for the District of Columbia Compensation District, as well as the widow and son of the deceased in whose favor the award was made. The matter comes before the court on cross-motions for summary judgment. The only question involved is whether the findings of fact of the Deputy Commissioner are sustained by substantial evidence.

The deceased was a man, 66 years of age, who had been afflicted with a form of heart disease for some years prior to his death. He had been retired from Government service for physical disability and at the time of his death was employed as a night watchman by a private business concern in Washington, D. C. His work comprised making several rounds a night of the interior of two or three buildings, and it required him on each inspection tour to climb several staircases. His death occurred near the close of his tour of duty on the early morning of January 24, 1953, under the following circumstances. He was seen walking down a stairway with his hand grasping the rail. Immediately after that he fell and landed at the bottom of the stairs. Medical aid was immediately summoned and about fifteen minutes later he was pronounced dead on the spot. The cause of death was coronary occlusion.

The foregoing facts are not disputed. The Deputy Commissioner made a general finding that the death arose out of and in the course of the employment. He also made a number of specific or evidentiary findings, among which was one to the effect that the deceased slipped and fell head first, and that in falling he attempted to grab hold of a handrail, but was unable to stop the fall. There is no evidence in the record sustaining this specific finding. It may be ignored, however, if the general finding is sustained by substantial evidence.

It appears impossible to determine whether the deceased slipped and fell, and subsequently had a coronary occlusion, or whether the attack of coronary occlusion came first and the fall occurred immediately following it. In the first contingency there would seem to be no doubt that the death arose out of the employment as well as in the course of the employment. If the second contingency were true, however, there would

**322**

be some doubt as to whether the death can be said to have arisen out of the employment.

One of the medical witnesses, however, Dr. Andrew G. Prandoni, testified as follows:

> "There is no question about the fact that if this man suffered a coronary occlusion and then sustained serious injuries which were of sufficient magnitude to produce a shock-like state, that might contribute to his demise." (T. 94–95.)

The witness further stated:

> "If he were not dead when he landed at the bottom of the stairs it is possible that the fall may have contributed to his death by virtue of some serious injury * * *" (T. 100.)

Dr. Bernard J. Walsh, whose testimony was generally unfavorable to the claimants, conceded that the long fall might have hastened the death of the deceased, and that if he were conscious and were trying to save himself if he had tripped, that might have hastened his death (T. 208).

Consequently, even if the attack of coronary occlusion occurred before the deceased fell, there is a basis for the finding of the Deputy Commissioner that the death arose out of the employment in that the fall on the stairs was a contributing cause, even though not the sole or even the principal cause of the death.

 It must be borne in mind that workmen's compensation acts are remedial statutes and must be liberally construed in favor of the injured employee or his dependent family. It is the rule in this jurisdiction that if the injury occurs on the employer's premises during the employee's working hours, there is a presumption that the injury arose out of the employment, unless the contrary is shown, Travelers Ins. Co. v. Cardillo, 78 U.S.App.D.C. 255, 257, 140 F.2d 10. While the presumption is not evidence, nevertheless, it shifts the burden of going forward with the evidence. It was not unreasonable for the Deputy Commissioner to reach the conclusion that this presumption had not been overcome.

 The case is a close one and it has some elements of doubt which need not be discussed here. The court, however, may not substitute its own judgment for that of the Deputy Commissioner. It cannot properly be said by the court, that on this record the finding of the Deputy Commissioner that the death arose out of the employment is not supported by substantial evidence.

In view of the foregoing considerations, the defendants' motion for summary judgment is granted, and the plaintiffs' motion is denied.